## HARPER v. ANDERSON et al.

### No. 18,262; September 29, 1894.

#### 37 Pac. 926.

**Partnership—Accounting—Exclusion of Books as Evidence.—** Where, in an action for a partnership accounting, books offered in evidence were objected to as not showing the transactions between the parties, the action of the trial court in rejecting the books will not be disturbed on appeal unless on the trial the party offering the books pointed out wherein they were relevant, and the record shows what he proposed to prove thereby.

**Partnership—Accounting—Parties.—One Who Buys Out a Retiring Partner,** and forms a partnership with the other member of the firm, is not a proper party to a suit by such member against the retiring partner for an accounting, the complaint alleging merely that he has funds of the new partnership in his hands, which were collected by the procurement of the retiring partner.

APPEAL from Superior Court, San Joaquin County; Ansel Smith, Judge.

Action by J. H. Harper against C. M. Anderson and another
for a partnership accounting. Judgment was rendered for
defendants, and plaintiff appeals. Affirmed.

L. W. Elliott and A. H. Carpenter for appellant; Nicoll &
Orr for respondents.

HAYNES, C.—Plaintiff and defendant Anderson were co-
partners in the nursery business from May, 1888, to May, 1889,
when defendant Anderson sold out to defendant Wheeler.
The complaint charges that each of the defendants has col-
lected and received moneys belonging to the firm of Harper
& Anderson, of which one-half belongs to plaintiff, and prays
for an accounting. Among other allegations, it is charged that
defendant Wheeler has taken possession of the books, and for
that reason plaintiff is unable to ascertain the amount collected
or the amount due. The cause was tried by the court without
a jury. At the close of plaintiff's evidence in chief a nonsuit
was granted as to defendant Wheeler, and, upon the final sub-
mission of the case, findings were filed in favor of defendant
Anderson, upon which judgment was entered. Plaintiff
moved for a new trial on a statement and now appeals from
the judgment and an order denying a new trial.

The appeal from the judgment cannot be considered, be-
cause not taken in time.

The answer admitted the partnership between the plaintiff
and Anderson, and its dissolution, but denied that the defend-
ants had the books of the firm, or that any collections had
been made of moneys belonging to the firm. There was no
allegation that the business of the firm had been settled or ad-
justed, nor that there were no outstanding accounts at the
time of the dissolution. The court, however, found that after
the dissolution there was a settlement, and that Anderson paid
plaintiff a certain sum of money, but that at the time of said
settlement it was agreed that any sums of money which might
thereafter be collected should belong to the plaintiff and
Anderson, one-half to each. The evidence amply sustains the
finding of these facts.

Certain books were produced upon the trial, but by whom
does not appear. The plaintiff, when on the stand as a wit-
ness in his own behalf, was shown certain books, and testified

as follows: "I recognize that book as my own book. I bought and paid for it. It was stolen out of my house. It is one belonging to Harper & Anderson, not Harper & Wheeler. This one we had at the nursery, and the other was down at Stockton. We were selling here. This book will show the amount of trees sold at the nursery. Both of these will show the number shipped down, and this book will show the number sold here. This, the number actually received. . . . . I don't know how many trees were sold down here. The books will show." Plaintiff thereupon offered the books in evidence. The defendants objected on the ground that they showed the business between Harper and Wheeler, and were not the books referred to in the complaint. The objection was sustained, and plaintiff excepted. After additional statements by plaintiff in relation to the books, to the effect that one shows the sales at Stockton, and another the sales at Acampo, they were again offered in evidence, and again rejected; the last objection being placed upon the ground that "they show on their face that they do not show the transactions of Harper and Anderson." It must be presumed that the court made such inspection of the books as to satisfy it that the objection that they showed upon their face that they did not show the transactions of Harper and Anderson were true. If, notwithstanding their apparent irrelevancy, they in fact contained relevant and material evidence for the plaintiff, it was the duty of counsel to point it out, and offer to show the same by the books, and to insert in the record the fact so offered to be proven.

It is also urged that the court erred in granting the nonsuit as to Wheeler; that if he bought out Anderson he was bound to account to Harper for one-half of the collections; and that he testified that he had collected $2,200, no part of which had been paid to plaintiff. Wheeler testified that he took a bill of sale from Anderson, and we infer from one of the specifications of error that it was put in evidence, but it is not set out in the record, nor its substance stated, nor does it appear in any manner that he bought Anderson's interest in the accounts. There is also evidence tending to show that Wheeler purchased from Anderson at plaintiff's instance, and became plaintiff's partner in the business, and that the money so received was the money of

the new firm, in which Anderson had no interest, and for which he was not liable.   The complaint did not allege any indebtedness from Wheeler on account of the business of the new firm, nor even allege that he was in any way connected with the plaintiff in business; and the only liability alleged against him was for money belonging to Harper and Anderson, which it was charged he had collected by the procurement of Anderson. The nonsuit was therefore properly granted.

It is also urged that the court erred in admitting in evidence the bill of sale from Anderson to Harper.   It is sufficient to say that the record does not set out the bill of sale, nor show that it was offered or received in evidence.   The appeal from the judgment should be dismissed and the order denying a new trial affirmed.

We concur: Temple, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the appeal from the judgment is dismissed and the order denying a new trial is affirmed.